# In the United States Court of Federal Claims

No. 10-454C

(Filed: November 23, 2010)

```
*****************************************  *
                                           *
PHILLIP B. PROCTOR,                        *    Federal Employees'
                                           *    Compensation Act; Claim for
                      Plaintiff,           *    Interest on Retroactive
                                           *    Compensation; Due Process
     v.                                    *    Clause of Fifth Amendment;
                                           *    Subject Matter Jurisdiction;
THE UNITED STATES,                         *    Failure to State a Claim upon
                                           *    Which Relief Can Be Granted.
                      Defendant.           *
                                           *
*****************************************  *
```

*Harold E. Lucas*, Lucas and Nowak, LLP, Durham, North Carolina, for Plaintiff.

*Jeffrey D. Klingman*, with whom were *Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Mark A. Melnick*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

Currently before the Court is Defendant's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Plaintiff asserts that this Court has jurisdiction pursuant to the Tucker Act, and that his claim arises under the Federal Employees' Compensation Act ("FECA") (5 U.S.C. § 8101 *et seq.*) and the due process clause of the Fifth Amendment. Plaintiff alleges that Defendant failed to provide Plaintiff, a former federal government employee, with interest on his retroactive compensation payments even though interest is provided to claims for persons covered under the Longshore and Harbor Workers' Compensation Act ("LHWCA") (33 U.S.C. §§ 901 *et seq.*). Plaintiff states that this disparate treatment violates equal protection of the laws. For the reasons stated below, the Court finds that it lacks jurisdiction over Plaintiff's claim because Plaintiff has failed to identify any statute or constitutional provision that waives sovereign immunity to provide for the monetary

relief requested. Furthermore, even if this Court had jurisdiction, the complaint must be dismissed under Rule 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC") for failure to state a claim upon which relief can be granted. Plaintiff has failed to articulate any viable disparate treatment under FECA and has misconstrued the scope and application of the LHWCA.

BACKGROUND

On July 16, 1985, Plaintiff Philip B. Proctor sustained an injury to his lower back while getting out of a truck. (Compl. Ex. A.) The injury occurred in the performance of Mr. Proctor's duties as an animal caretaker at the Beltsville Agricultural Research Center Animal Parasitology Institute in Beltsville, Maryland, which is owned and operated by the United States Department of Agriculture. (Compl. ¶¶ 6-7.) Mr. Proctor filed a claim for total disability with the United States Department of Labor, Office of Workers' Compensation Programs ("OWCP") on the day of his injury. (Def.'s Mot. to Dismiss Ex. 1.) The OWCP accepted Mr. Proctor's claim on January 22, 1986. Id.

On August 28, 1997, the OWCP informed Mr. Proctor that, as a result of vocational rehabilitation provided to him, the OWCP had found him capable of employment and that his compensation would be reduced. (Def.'s Mot. to Dismiss Ex. 4.) The OWCP afforded Mr. Proctor thirty days to respond to its determination. Id. On January 28, 1998, the OWCP issued a Notice of Final Decision, concluding that Mr. Proctor was capable of employment and reducing Mr. Proctor's net monthly compensation from $1,903.84 to $319.72. (Compl. ¶ 8, Ex. A.)

Following several appeals, on July 24, 2009, the OWCP vacated its determination that Mr. Proctor was only partially disabled, and awarded total disability benefits dating back to the date his benefits were reduced. (Compl. Ex. B.) Mr. Proctor received approximately $198,000 in back pay. (Compl. ¶ 11.) On November 3, 2009, Mr. Proctor requested a formal decision regarding the payment of interest on his retroactive compensation claim. (Def.'s Mot. to Dismiss Ex. 10.) On August 31, 2010, the OWCP informed Mr. Proctor that FECA does not allow for the payment of interest on benefits under the statute. (Def.'s Mot. to Dismiss Ex. 11.)

On July 12, 2010, Plaintiff filed the instant action seeking interest on his retroactive employment compensation. Plaintiff alleges that, although FECA is silent on the payment of interest, he is nonetheless entitled to such compensation because longshoremen and harbor workers receive interest on their claims under the LHWCA, and Plaintiff believes that not paying him interest violates the equal protection of the laws provided by the due process clause of the Fifth Amendment. On September 10, 2010, Defendant filed a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The Court heard oral argument on Defendant's motion on November 10, 2010.

DISCUSSION

Plaintiff states in his pleadings that jurisdiction is conferred upon the Court by the Tucker Act, 28 U.S.C. § 1491(a)(1), FECA, and the equal protection of the laws provided by the due process clause of the Fifth Amendment. Defendant argues in its motion to dismiss that the due process clause cannot confer jurisdiction because it is not a money-mandating provision of the Constitution as required by the Tucker Act. Defendant also argues that jurisdiction cannot be conferred by FECA because that statute expressly precludes judicial review of claims arising under the Act.

The Court will grant a motion to dismiss where the plaintiff fails to establish that the Court has subject matter jurisdiction by a preponderance of the evidence. See Leonardo v. United States, 55 Fed. Cl. 344, 346 (2003), aff'd, 163 Fed. Appx. 880 (Fed. Cir. 2006). In considering Defendant's motion to dismiss, the Court will assume all facts alleged in the complaint to be true and correct. See Miree v. DeKalb County, 433 U.S. 25, 27 n.2 (1977); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746 (Fed. Cir. 1988). The Court also will construe the allegations in the complaint favorably to the pleader. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 814-15 (1982).

The Federal Circuit has identified three grounds on which the Government "might file a motion to dismiss in a Tucker Act case: (1) lack of subject matter jurisdiction due to the lack of a money-mandating source; (2) failure to state a claim upon which relief can be granted due to lack of a money-mandating source; and (3) failure to state a claim upon which relief can be granted because the plaintiff is ultimately not entitled to recover money damages under the statute." Greenlee County v. United States, 487 F.3d 871, 876 (Fed. Cir. 2007). A showing of any one of these grounds is sufficient cause to grant a motion to dismiss. Here, the Court finds that all three grounds for dismissal are present.

The jurisdiction of this Court is limited and based upon the Tucker Act which confers upon this Court jurisdiction to render judgment "upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department . . . ." 28 U.S.C. § 1491(a)(1). The Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 397 (1976). Therefore, to demonstrate jurisdiction in this Court, Plaintiff must also show that his claim arises from a statute or constitutional provision that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." Id. at 400 (quotations omitted). As sovereign, the United States is immune from suit except to the extent it consents otherwise and any statutory waiver of sovereign immunity will be strictly construed. See Collins v. United States, 35 Fed. Cl. 620, 624

(1996).  A waiver of sovereign immunity to permit a suit for money damages and confer jurisdiction in this Court must be explicit.  Id.

Plaintiff's complaint fails to demonstrate any waiver of sovereign immunity sufficient to confer jurisdiction upon this Court for his claim of interest.  It is evident, as Plaintiff admits, that FECA does not explicitly provide for the interest payment requested.  See Compl. ¶¶ 29-31 ("The Federal Employees Compensation Act does not explicitly deny or allow interest payments to any injured federal employees.").  Furthermore, this Court has held that the decisions of the Secretary of Labor under FECA are final and not subject to judicial review.  See Collins, 35 Fed. Cl. at 625.  Indeed, the Supreme Court has identified FECA as a model preclusion-of-review statute with "unambiguous and comprehensive" language used by Congress "when [it] intends to bar judicial review altogether."  Lindahl v. Office of Personnel Management, 470 U.S. 768, 779-80 (1985).

Plaintiff instead claims this Court has jurisdiction to provide him money damages under the equal protection of the laws afforded by the due process clause of the Fifth Amendment.  However, not all rights granted by the Constitution or the laws of the United States are money-mandating property rights that would support jurisdiction in this Court.  See Adams v. United States, 20 Cl. Ct. 132, 135 (1990).  This Court has held that the due process clause is not a money-mandating provision of the Constitution and therefore cannot be used to confer jurisdiction upon the Court under the Tucker Act.  Samish Indian Nation v. United States, 90 Fed. Cl. 122, 147-48 (2009); see also Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997) ("The Court of Federal Claims correctly concluded that it does not have jurisdiction to hear [plaintiff's] due process . . . claims under the Fifth Amendment to the United States Constitution."); Howard v. United States, 21 Cl. Ct. 475, 479 (1990) ("Due process claims are not actionable in this court because the right to due process is not money-mandating."), aff'd, 951 F.2d 1267 (1991).

This Court's equal protection jurisdiction is limited to cases where Defendant applied or operated under a money-mandating statute in such a way that equal protection was violated.  See Gentry v. United States, 212 Ct. Cl. 1 (1976).  Stated another way, violations of equal protection can be a proper component of money-mandating claims where the implementation of a federal statute that provides for the payment of money implicates equal protection.  Id.  However, this Court does not have jurisdiction where equal protection serves as the basis to create a mandate for money.  In this case, there is no statute mandating the payment sought by Plaintiff and he relies upon the due process clause to create such a mandate.  This is precisely the type of due process claim over which this Court lacks jurisdiction.

Even if this Court had jurisdiction over Plaintiff's due process claim, Plaintiff has failed to state a claim upon which relief can be granted because the monetary relief he

seeks is barred by the no-interest rule. The no-interest rule precludes this Court from awarding interest absent an explicit statutory waiver of sovereign immunity. <u>See</u> <u>England v. Conte Advanced Sys., Inc.</u>, 384 F.3d 1372, 1379 (Fed. Cir. 2004) ("The no-interest rule is an aspect of the basic rule of sovereign immunity."). The no-interest rule applies broadly and "extends to any form of award for the time value of money." <u>Castle</u> <u>v. United States</u>, 48 Fed. Cl. 187, 217 (2000). Plaintiff admits in his complaint that FECA does not explicitly provide for the award of interest. <u>See</u> Compl. ¶¶ 29-31. Because there has been no express waiver of sovereign immunity to provide the interest requested, Plaintiff's claim must fail.

Plaintiff attempts to argue that interest should be awarded under the due process clause because the Secretary of Labor uses her discretion to award interest to longshoremen and harbor workers under the LHWCA. Plaintiff argues that there is no rational basis for the Secretary not to use her discretion to make the same award to government employees under FECA. In making this equal protection claim, Plaintiff has inexplicably combined two completely distinct statutes – FECA and LHWCA – covering two entirely separate groups of people, and attempted to claim that both groups must be treated identically. Plaintiff has severely misinterpreted these two statutes and, as discussed below, there is indeed a rational basis for the Secretary's position in this matter.

FECA provides employment compensation for federal government employees. An employee under FECA is defined principally as "civil officers or employees in any branch of the Government of the United States." 5 U.S.C. § 8101(1)(A). The money to pay these claims comes from congressionally appropriated funds. <u>Id.</u> § 8147. In contrast, the LHWCA is a statutorily directed compensation system for longshoremen and harbor workers. Under the LHWCA, an employee is defined as "any person in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harbor-worker including a ship repairman, shipbuilder, and ship breaker." 33 U.S.C. § 902. The LHWCA applies to private citizens, not government employees, employed in a defined capacity by private employers. Compensation required by the LHWCA is paid directly by the employer, not by the United States, or from a special fund if the situation requires. 33 U.S.C. §§ 914, 944. The LHWCA establishes this fund in the United States Treasury to provide claims in certain circumstances such as employer default. <u>See id.</u> §§ 920, 944. Money for this fund is paid in by employers or their insurers and is not the money or property of the United States Government. <u>Id.</u> § 944.

Plaintiff states that Defendant is applying FECA arbitrarily by awarding interest in some instances and not others, but Plaintiff has provided absolutely no evidence or even properly alleged that any person covered under FECA has received interest from Defendant. Plaintiff's only allegation is that persons covered under the LHWCA received interest, but such a statement is irrelevant to the issue of whether Defendant has constitutionally applied FECA. Plaintiff alleges that the Secretary's decision to award

interest to longshoremen and harbor workers, but not to government employees, is irrational. This Court sharply disagrees.

The Secretary is precluded from awarding interest to employees under FECA because there is no statutory waiver of sovereign immunity to permit the award of interest. In contrast, awards under the LHWCA come from a fund that is explicitly not the property of the United States Government, even though it is administered by the Secretary. It is therefore entirely rational that the Secretary would award interest to longshoremen and harbor workers because common law permitted such interest payments and no issues of sovereign immunity preclude the award of interest where the money does not come from congressionally appropriated funds or the public fisc. Under FECA, federal employees receive their monetary compensation directly from the United States Government. Under the LHWCA, longshoremen and harbor workers receive their monetary compensation from their private employers or from a fund comprised of private money administered by the Secretary. Awards under FECA are only made possible because FECA waives sovereign immunity and those awards must therefore be strictly construed and limited to payments allowed by statute. In contrast, awards under the LHWCA are dictated by the terms of that statute, but do not implicate sovereign immunity because the compensation provided does not come from the United States Government.

There is no discretion for the Secretary to provide the interest that Plaintiff has requested, and thus jurisdiction does not lie in this Court. Therefore, Plaintiff's complaint must be dismissed.

## CONCLUSION

The Court lacks subject matter jurisdiction over Plaintiff's claim, and even if the Court had jurisdiction, the complaint fails to state a claim upon which relief can be granted. Therefore, Defendant's motion to dismiss under RCFC 12(b)(1) and 12(b)(6) is GRANTED, and the complaint is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge